UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LEWIS BUCHANAN II, #812524,

      Petitioner,

v.                                              CASE NO. 16-CV-11602
                                              HON. GEORGE CARAM STEEH

THOMAS WINN,

      Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY, STAYING PROCEEDINGS, AND ADMINISTRATIVELY CLOSING CASE**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner John Lewis Buchanan II ("petitioner") pleaded no contest to three counts of armed robbery in the Oakland County Circuit Court and was sentenced as a second habitual offender to concurrent terms of 14 years 3 months to 40 years imprisonment in 2013.  In his petition, he raises claims concerning the trial court's denial of his plea withdrawal motion, the effectiveness of trial and appellate counsel, the accuracy of the sentencing reports and scoring of the guidelines, and his restitution.  The respondent has not yet filed an answer to the petition or the state court record.  Those materials are due in November, 2016.  This matter is now before the court on the petitioner's motion to stay the proceedings and hold his habeas petition in abeyance so that he can return to state court to exhaust remedies on additional claims concerning the effectiveness of trial and appellate counsel and the sufficiency of the evidence.

      The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition.  28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan

v. Boerckel, 526 U.S. 838, 842 (1999); McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must be given an opportunity to rule upon all of the petitioner's claims before he can present those claims on habeas review. Otherwise, the court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is met if a prisoner invokes one complete round of the state's established appellate review process. O'Sullivan, 526 U.S. at 845. To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. McMeans, 228 F.3d at 681; see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans). The claims must also be presented to the state courts as federal constitutional issues. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court. Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990); Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. Rust, 17 F.3d at 160.

The Michigan Rules of Court provide a process through which the petitioner may raise his unexhausted claims. In fact, the petitioner states that he intends to file a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 et seq. He may then appeal the trial court's decision to the state appellate courts

as necessary. The unexhausted claims should first be addressed to, and considered by, the Michigan courts.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. Rhines v. Weber, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. Id. at 277.

In this case, the petitioner shows the need for a stay. He wishes to fully exhaust his claims and/or pursue new claims which have not been presented to the state courts. The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), could pose a problem if the court were to dismiss the petition to allow for further exhaustion of state remedies as the petitioner appears to have filed his petition just several days before the expiration of the one-year period. Additionally, the petitioner seeks to present new issues and alleges that appellate counsel was ineffective for failing to previously present them to the state courts, which may provide good cause. Lastly, the court finds that at least some of the unexhausted claims do not appear to be plainly meritless and there is no evidence of intentional delay. Therefore, the court shall stay the proceedings and hold the exhausted claims in the current petition in abeyance pending the petitioner's exhaustion of state court remedies as to any unexhausted claims. The court make no determination as to the timeliness of his claims or the procedural or substantive merits of his claims.

Accordingly, the court **GRANTS** the petitioner's motion to stay the proceedings and hold the habeas petition in abeyance. These proceedings are stayed. The stay is conditioned on the petitioner presenting the unexhausted claims to the state courts within 30 days of the date of this order by filing a motion for relief from judgment with the trial court. See Hill v. Anderson, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). The stay is further conditioned on the petitioner's return to this court with a motion to reopen and amend the petition, using the same caption and case number, within 30 days of fully exhausting state remedies. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001)). Should the petitioner fail to comply with these conditions, the case may be dismissed. Lastly, the case is closed for administrative purposes pending compliance with these conditions.

**IT IS SO ORDERED**.

Dated: June 27, 2016

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 27, 2016, by electronic and/or ordinary mail and also on John Buchanan #812524, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

s/Barbara Radke
Deputy Clerk

---