UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LEWIS BUCHANAN II, #812524,

    Petitioner,

v.                                                 CASE NO. 16-CV-11602
                                                    HON. GEORGE CARAM STEEH

THOMAS WINN,

    Respondent.
_____/

## ORDER DENYING THE PETITIONER'S MOTIONS
## FOR APPOINTMENT OF COUNSEL AND DISCOVERY

This matter is before the Court on the petitioner's motions for appointment of counsel and for discovery of telephone records. This case had been closed to allow the petitioner to return to the state courts to exhaust additional issues and was recently reopened for the petitioner to proceed on an amended petition containing all of his exhausted claims as set forth in his original and supplemental pleadings. The respondent has not yet filed an answer to the amended petition or the complete state court record. Those materials are due in June, 2019.

The petitioner seeks the appointment of counsel because he is

uneducated in the law and cannot afford counsel. A petitioner has no absolute right to be represented by counsel on federal habeas review. See Abdur-Rahman v. Michigan Dept. of Corrections, 65 F.3d 489, 492 (6th Cir. 1995); see also Wright v. West, 505 U.S. 277, 293 (1992) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting United States v. Madden, 352 F.2d 792, 793 (9th Cir. 1965)). The petitioner has submitted his amended habeas petition, but the respondent has not yet filed an answer or the state court record. The petitioner's request is therefore premature. Moreover, an initial review of the petition indicates that the appointment of counsel is not necessary at this time. Accordingly, the Court **DENIES** the motion for appointment of counsel.

The petitioner also seeks the discovery of certain cellular phone records which he believes are pertinent to this case. Under the Rules Governing Section 2254 Cases, the respondent is required to submit all transcripts and documents relevant to the determination of the habeas petition when the answer is filed. Rule 5, 28 U.S.C. foll. § 2254. The Court

may require that the record be expanded to include additional relevant materials. Rule 7, 28 U.S.C. foll. § 2254. The Court may also determine whether an evidentiary hearing is required after the answer and the state court record are filed. Rule 8, 28 U.S.C. foll. § 2254. As discussed, the respondent has not yet filed an answer to the amended habeas petition or the full state court record. Until those materials are filed, this Court need not require that additional information be submitted for review. The petitioner's request is premature.

Moreover, "a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). A federal habeas court may authorize a party to conduct discovery upon a showing of good cause. Rule 6(a), 28 U.S.C. foll. § 2254. The petitioner has not shown that the information he seeks is necessary for the disposition of this case. Additionally, the United States Supreme Court has made clear that federal habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011). The petitioner is thus precluded from injecting information that was not presented to the state courts into the present case. Accordingly,

the Court **DENIES** the motion for discovery.

Should the Court determine, upon further review, that the appointment of counsel or the submission of additional materials are needed for the proper resolution of this habeas case, it will enter an appropriate order. No further motions need be filed.

**IT IS SO ORDERED**.

Dated: March 20, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 20, 2019, by electronic and/or ordinary mail and also on John Buchanan #812524, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

s/Barbara Radke
Deputy Clerk