UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LEWIS BUCHANAN II, #812524,

     Petitioner,

  v.                              CASE NO. 16-CV-11602
                                  HON. GEORGE CARAM STEEH

THOMAS WINN,

     Respondent.
_____/

## ORDER DENYING MOTION FOR EVIDENTIARY HEARING (#38)

This matter is before the Court on the petitioner's motion to amend/supplement and for an evidentiary hearing which the Court construes as a renewed motion for an evidentiary hearing. This case had been closed to allow him to exhaust additional issues in the state courts and was reopened for him to proceed on an amended petition containing all of his exhausted claims as set forth in his original and supplemental pleadings. The respondent filed an answer to the amended petition and the additional state court record on September 2, 2021 and the petitioner filed a reply to the answer on November 8, 2021.

Under the Rules Governing Section 2254 Cases, the respondent is required to submit all transcripts and documents relevant to the determination of the habeas petition when the answer is filed. Rule 5, 28 U.S.C. foll. § 2254. The Court may require that the record be expanded to include additional relevant materials. Rule 7, 28 U.S.C. foll. § 2254. The Court may also determine whether an evidentiary hearing is required after the answer and the state court record are filed. Rule 8, 28 U.S.C. foll. § 2254.

Under the federal habeas statute, facts determined by a state court are presumed correct absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). An evidentiary hearing is available under that rule only when the claim relies upon a new rule of constitutional law or a new factual predicate and the facts underlying the claim would show by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. § 2254(e)(2). Additionally, "a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). A federal habeas court may authorize a party to conduct discovery upon a showing of good cause. Rule 6(a), 28 U.S.C.

foll. § 2254.

The Court has yet to review this case in detail. Upon preliminary review, however, the Court finds that neither discovery nor an evidentiary hearing under Rule 8 or 28 U.S.C. § 2254(e) are necessary. The petitioner has filed pleadings in support of his claims and the respondent has submitted the relevant state court record. Moreover, the United States Supreme Court has made clear that federal habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011). The petitioner is thus precluded from injecting information that was not presented to the state courts into this proceeding.

Accordingly, the Court **DENIES** the motion for evidentiary hearing. The Court, however, shall bear in mind the petitioner's request. Should the Court determine, upon further review, that an evidentiary hearing is needed for the proper resolution of this case, it will enter an appropriate order. Further motions are not required.

**IT IS SO ORDERED**.

Dated: December 9, 2021

                                               s/George Caram Steeh
                                               GEORGE CARAM STEEH
                                               UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 9, 2021, by electronic and/or ordinary mail and also on John Buchanan #812524, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

s/B Sauve
Deputy Clerk