UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN LEWIS BUCHANAN II, #812524,

          Petitioner,

v.                               CASE NO. 16-CV-11602
                               HON. GEORGE CARAM STEEH


THOMAS WINN,

          Respondent.
_____/

## OPINION & ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254.

Michigan prisoner John Lewis Buchanan II ("petitioner") pleaded no contest

to three counts of armed robbery in the Oakland County Circuit Court and

was sentenced as a second habitual offender to concurrent terms of 14

years 3 months to 40 years in prison in 2013.  In his petition, as amended

and supplemented (collectively "petition"), he raises claims concerning the

trial court's denial of his plea withdrawal motion, trial counsel's advice and

the voluntariness of his plea, the scoring of the sentencing guidelines, the

accuracy of the pre-sentence reports, his ability to pay restitution, the

effectiveness of trial and appellate counsel, his actual innocence, and

newly-discovered evidence.   The respondent has filed an answer to the

petition contending that the claims are barred by procedural default and/or

that they lack merit.   For the reasons set forth, the court denies the habeas

petition, denies a certificate of appealability, and denies leave to proceed in

forma pauperis on appeal.

## II.    Facts and Procedural History

The petitioner's convictions arise from his armed robberies of a CVS

pharmacy in Farmington Hills, Michigan on February 4, 2012, and a

Verizon Wireless store in Southfield, Michigan on February 1, 2013.   The

CVS robbery involved two employees and the petitioner was identified

when a mask found near the scene contained his DNA.   The Verizon

robbery involved one employee who was able to identify the petitioner in a

photographic array.   Pet. App. Brf., ECF No. 19-11, PageID.382-383.

On July 12, 2013, the petitioner pleaded no contest to three counts of

armed robbery in exchange for the dismissal of a felony firearm charge and

an agreement that he be sentenced to concurrent terms at the bottom of

the sentencing guidelines as a second habitual offender.   Plea Hrg. Tr.,

ECF No. 19-4, PageID.199-203.   On August 28, 2013, the date set for

2

sentencing, the petitioner made a verbal request to adjourn the sentencing hearing in order to file a plea withdrawal motion, but the trial court denied that request.   Sent Hrg. Tr., ECF No. 19-5, PageID.216-217.   The court then sentenced the petitioner at the bottom of the guidelines as a second habitual offender to concurrent terms of 14 years 3 months to 40 years in prison in accordance with his plea agreement.   Id. at 221.   The court also imposed restitution and other fees and costs.   Id.

The petitioner subsequently moved to withdraw his no contest plea asserting that trial counsel misadvised him, and he felt pressured to take the deal.   The trial court conducted a hearing and denied the motion, essentially ruling that the plea was knowing and voluntary.   Plea Withdrawal Mot. Hrg. Tr., ECF No. 19-6.

The petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that: (1) the trial court erred in failing to treat his plea withdrawal motion as a pre-sentencing motion and (2) he should be entitled to withdraw his plea because it was not knowing, intelligent, and voluntary due to counsel's inaccurate advice about the value of the plea offer.   The court denied the application for "lack of merit in the grounds presented."   People v. Buchanan, No. 321244 (Mich. Ct.

App. June 20, 2014), ECF No. 19-11.   The petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, as well as claims challenging the scoring of the offense variables, the accuracy of the pre-sentence report, and his ability to pay restitution. The court denied leave to appeal in a standard order.   People v. Buchanan, 497 Mich. 953, 858 N.W.2d 451 (2015).

The petitioner thereafter filed his initial federal habeas petition raising the same claims presented to the state courts on direct appeal, as well as an ineffective assistance of appellate counsel claim.   ECF No. 1.   He also moved to stay the proceedings and hold the petition in abeyance so that he could return to the state courts to pursue additional claims.   ECF No. 7. The court granted that motion, stayed the proceedings, and administratively closed the case.   ECF No. 8.

The petitioner filed his first motion for relief from judgment with the state trial court alleging that:   (1) trial counsel failed to do a thorough pre-trial investigation into his alibi defense, (2) trial counsel failed to employ a cellular phone expert, (3) he is actually innocent, and (4) appellate counsel was ineffective for failing to raise meritorious issues on appeal, for failing to file motions, and for failing to investigate trial counsel's advice that led him

4

to accept the plea deal.   The trial court denied the motion pursuant to

Michigan Court Rule 6.508(D)(3) ruling that the petitioner could not

establish good cause, i.e., that appellate counsel was ineffective, for failing

to raise the claims on direct appeal because the claims lacked merit.

People v. Buchanan, Nos. 13-244954-FC, 13-246002-FC (Oakland Co. Cir.

Ct. March 8, 2017), ECF No. 19-10.   The petitioner filed a delayed

application for leave to appeal with the Michigan Court of Appeals, which

was denied for failure "to establish that the trial court erred in denying the

motion for relief from judgment."   People v. Buchanan, No. 340186 (Mich.

Ct. App. Feb. 28, 2018), ECF No. 19-13.   The petitioner filed an

application for leave to appeal with the Michigan Supreme Court, which

was denied for failure "to meet the burden of establishing entitlement to

relief under MCR 6.508(D)."   People v. Buchanan, 503 Mich. 887, 918

N.W.2d 812 (2018).

The petitioner then moved to reopen this case to proceed on an

amended habeas petition raising the claims contained in his initial petition,

as well as the claims raised on collateral review in the state courts.   ECF

Nos. 9, 10.   The court granted that motion, reopened the case, and

ordered responsive pleadings.   ECF No. 11.   The respondent filed an

answer to the amended habeas petition and the state court record.   ECF

No. 18, 19.   The petitioner filed a reply to that answer.   ECF No. 21.

The petitioner subsequently moved for another stay of the

proceedings so that he could return to the state courts to exhaust additional

claims.   ECF No. 26.   The court granted that motion, stayed the

proceedings, and administratively closed the case a second time.   ECF

No. 27.

The petitioner filed a second motion for relief from judgment with the

state trial court raising newly-discovered evidence and related ineffective

assistance of trial and appellate claims.   The motion was returned to the

petitioner without filing pursuant to Michigan Court Rule 6.502(G)(1).   The

petitioner filed a motion for reconsideration which was also rejected.   He

then moved to compel compliance with Michigan Court Rule 6.502(G)(2).

The trial court denied the motion finding that the petitioner's pleadings were

properly rejected because his evidence was not "newly-discovered."

People v. Buchanan, Nos. 2013-244954-FC, 2013-246002-FC (Oakland

Co. Cir. Ct. July 28, 2020), ECF No. 34-4.   The petitioner filed a delayed

application for leave to appeal with the Michigan Court of Appeals, which

was denied for failure "to demonstrate the entitlement to an application of

any of the exceptions to the general rule that a movant may not appeal the denial of a successive motion for relief from judgment.   MCR.6.502(G)." People v. Buchanan, No. 354942 (Mich. Ct. App. Dec. 9, 2020), ECF No. 34-7.   The petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied "because [his] motion for relief from judgment is prohibited by MCR 6.508(D)."   People v. Buchanan, 507 Mich. 932, 957 N.W.2d 789 (2021).

The petitioner thereafter moved to reopen this case to proceed on a supplemented and amended habeas petition raising the claims presented on direct appeal and both rounds of collateral review in the state courts. ECF Nos. 29, 30.   Those claims are:

I.    The trial court erred in failing to allow plea withdrawal before sentencing.

II.   He should be allowed to withdraw his plea because it was involuntary due to defense counsel's inaccurate legal advice.

III.  He should be resentenced because his guidelines were inaccurately scored.

IV.   He should be resentenced due to inaccurate information in the pre-sentence report.

V.    The case should be remanded to the trial court to determine his ability to pay restitution.

VI.    Appellate counsel was ineffective.

VII.   Trial counsel was ineffective for failing to do a thorough pre-trial investigation into an alibi defense: in the alternative, appellate counsel was ineffective for failing to properly present this issue.

VIII.  Trial counsel was ineffective for failing to employ an expert on cell phone analysis to establish that GPS confirmed that he was not in the area of the armed robberies: appellate counsel should have noted that trial counsel's pre-trial investigation was deficient because counsel failed to investigate the alibi defense.

IX.    Appellate counsel was ineffective for failing to raise meritorious issues on appeal, failing to file motions which would have justified plea withdrawal, and failing to investigate trial counsel's advice which resulted in plea acceptance.

X.     He was denied his due process rights by pleading no contest to three armed robbery charges when he is actually innocent.

XI.    The trial court abused its discretion by not allowing him to withdraw his plea prior to sentencing because he is actually innocent of the armed robberies.

XII.   The affidavit from his private investigator constitutes newly discovered and/or presented evidence under MCR 6.502(G)(2); alternatively, the affidavit demonstrate that trial counsel was ineffective for failing to investigate a substantial defense; the cumulative effect of counsel's deficient performance merits a review under the Strickland standard.

XIII.  Appellate counsel was ineffective for failing to inquire into an actual innocence claim and failing to seek an evidentiary hearing on the ineffective assistance of counsel claims; the newly presented affidavit shows that appellate counsel was ineffective for failing to investigate, seek an evidentiary hearing, and request a subpoena for Michell Shavers' cell phone records

8

to establish his alibi defense; and the information provided by the prosecutor to rebut his alibi should be tested as to whether it was false or an evidentiary hearing should be held on the issue.

The court granted the motion, reopened the case, and ordered responsive pleadings.   ECF No. 32.   The respondent filed an answer addressing the newly-added claims and the supplemental state court record.   ECF Nos. 33, 34.   The petitioner filed a reply to that answer.   ECF No. 37.

## III.   Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'"   Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-406 (2000)); see also Bell v. Cone, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case."   Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); see also Bell, 535 U.S. at 694.   However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" Wiggins, 539 U.S. at 520-521 (citations omitted); see also Williams, 529 U.S. at 409.   "AEDPA thus imposes a 'highly deferential standard for

10

evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'"   Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Lindh, 521 U.S. at 333, n. 7; Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."   Harrington v. Richter, 562 U.S. 86, 101 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)).   Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.   Id.

Thus, to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in

11

existing law beyond any possibility for fair-minded disagreement."   Id; see also White v. Woodall, 572 U.S. 415, 419-420 (2014).   Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." Woods v. Donald, 575 U.S. 312, 316 (2015).   A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fair-minded jurists could find the state court decision to be reasonable.   Woods v. Etherton, 576 U.S. 113, 118 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.   Williams, 529 U.S. at 412; see also Knowles v. Mirzayance, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting Wright v. Van Patten, 552 U.S. 120, 125-126 (2008) (per curiam)); Lockyer, 538 U.S. at 71-72.   Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been

12

'adjudicated on the merits.'"   Harrington, 562 U.S. at 100.   Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002); see also Mitchell, 540 U.S. at 16.

The requirements of clearly established law are to be determined solely by Supreme Court precedent.   Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief.   Parker v. Matthews, 567 U.S. 37, 48-49 (2012) (per curiam; see also Lopez v. Smith, 574 U.S. 1, 2 (2014) (per curiam).   The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue.   Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007) (citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003)); Dickens v. Jones, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review.   See 28 U.S.C. § 2254(e)(1).   A petitioner may rebut this presumption with clear and convincing evidence.   Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998).   Lastly, habeas review is

"limited to the record that was before the state court."   Cullen v. Pinholster,

563 U.S. 170, 181 (2011).

## IV.   Discussion

### A. Direct Appeal Claims

#### 1.  Plea Withdrawal – Claim I

The petitioner first asserts that he is entitled to habeas relief because the trial court failed to treat his plea withdrawal motion as a pre-sentencing motion and refused to allow him to withdraw his plea before sentencing. The respondent contends that this claim lacks merit.

The petitioner raised this claim on direct appeal.   The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented.   Buchanan, No. 321244, ECF No. 19-11.   Such a denial of relief constitutes a merits decision that is entitled to deference on federal habeas review.   See Werth v. Bell, 692 F.3d 486, 493-494 (6th Cir. 2012) (citing Harrington, 562 U.S. at 98-100).

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1]

_____

[1]The court would reach the same result under a de novo standard of review.

14

The petitioner's claim that the trial court erred in construing and denying his plea withdrawal motion (after sentencing) is not cognizable on habeas review because it is a state law claim.   A criminal defendant has no federal constitutional right, or absolute right under state law, to withdraw a knowing, intelligent, and voluntary plea.   <u>Chene v. Abramajtys</u>, 76 F.3d 378, 1996 WL 34902, *2 (6th Cir. 1996) (table).   Consequently, "the decision to permit a defendant to withdraw a plea invokes the trial court's discretion.   A trial court's abuse of discretion generally is not a basis for habeas corpus relief."   <u>Adams v. Burt</u>, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted); <u>see also</u> <u>Hoffman v. Jones</u>, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001).

Furthermore, state courts are the final arbiters of state law and the federal courts will not intervene in such matters.   <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990); <u>Oviedo v. Jago</u>, 809 F.2d 326, 328 (6th Cir. 1987); <u>see also</u> <u>Bradshaw v. Richey</u>, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); <u>Sanford v. Yukins</u>, 288 F.3d 855, 860 (6th Cir. 2002).   Habeas relief does not lie for perceived errors of state law.   <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S.

15

62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Habeas relief is not warranted on this claim.

### 2. Involuntary Plea/Ineffective Assistance – Claim II

The petitioner also asserts that he is entitled to habeas relief because his plea was not knowing, intelligent, and voluntary due to trial counsel's faulty investigation and advice. The respondent contends that this claim lacks merit.

The petitioner raised this claim on direct appeal. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. Buchanan, No. 321244, ECF No. 19-11. As discussed supra, such a denial of relief constitutes a merits decision that is entitled to deference on federal habeas review. Werth, 692 F.3d at 493-494.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[2] When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly, intelligently, and

---

[2]The court would reach the same result under a de novo standard of review.

voluntarily.   See United States v. Broce, 488 U.S. 563 (1989); Boykin v.

Alabama, 395 U.S. 238 (1969).   A plea is intelligent and knowing where

there is nothing to indicate that the defendant is incompetent or otherwise

not in control of his or her mental faculties, is aware of the nature of the

charges, and is advised by competent counsel.   Brady v. United States,

397 U.S. 742, 756 (1970).   The plea must be made "with sufficient

awareness of the relevant circumstances and likely consequences."   Id. at

748.   A plea is voluntary if it is not induced by threats or

misrepresentations and the defendant is made aware of the direct

consequences of the plea.   Id. at 755.   The voluntariness of a plea "can

be determined only by considering all of the relevant circumstances

surrounding it."   Id. at 749.

In this case, the state court record reveals that the petitioner's plea

was knowing, intelligent, and voluntary.   The petitioner was 44 years old at

the time of his plea, could read and write, and was familiar with the criminal

justice system as a habitual offender.   See Plea Tr., ECF No. 19-4,

PageID.203-204, 207.   There is no evidence that he suffered from any

physical or mental problems which impaired his ability to understand the

criminal proceedings or the nature of the plea.   The petitioner was

17

represented by legal counsel and conferred with counsel during the plea
process.   Id. at PageID.204.   The trial court advised him of his trial rights
and the fact that he would be giving up those rights by pleading no contest.
Id. at 205-206.   The court also advised him that he faced a maximum
sentence of life imprisonment if found guilty.   Id. at PageID.205.   The
parties discussed the charges, the terms of the plea and sentencing
agreement, and the consequences of the plea.   Id. at PageID.199-200,
202-204.   The petitioner indicated he understood the agreement, that he
wanted to take the plea, and that he had not been threatened or promised
anything other than what was included in the agreement.   Id. at
PageID.206.   He also acknowledged the factual basis for his plea.   Id. at
PageID.206-207.   The petitioner is bound by those statements.   See
Ramos v. Rogers, 170 F.3d 560, 566 (6th Cir. 1999).

There is no evidence of coercion.   The petitioner's statements at the
plea hearing – that it was his choice to plead no contest and that he had
not been influenced or threatened – belie his claim that he was pressured
into taking a deal.   The fact that he was subsequently dissatisfied with his
plea or hoped for more lenient treatment does not render his plea
involuntary.   See Brady, 397 U.S. at 757.   A defendant "is not entitled to

18

withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." Id.

The petitioner asserts that his plea is invalid because he had an alibi defense and trial counsel was ineffective in failing to investigate and pursue that defense. A guilty plea, however, involves a waiver of many constitutional rights, including the right to a trial where the prosecution has the burden of proving guilt beyond a reasonable doubt, the right to confront adverse witnesses, and the right to present evidence in one's defense. See Fautenberry v. Mitchell, 515 F.3d 614, 636 (6th Cir. 2008) (citing Boykin, 395 U.S. at 243). A defendant who pleads guilty or no contest waives all pre-plea issues, Tollett v. Henderson, 411 U.S. 258, 267 (1973), including any claim that he or she had a defense to the charges. Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); Siegel v. New York, 691 F.2d 620, 626 n. 6 (2d Cir. 1981) (citing Tollett and McMann v. Richardson, 397 U.S. 759 (1970)). The petitioner waived his right to challenge the evidence and to present a defense by entering his plea. See Broce, 488 U.S. at 569; Tollett, 411 U.S. at 267; United States v. Ormsby, 252 F.3d 844, 848 (6th Cir. 2001).

19

The petitioner relatedly asserts that trial counsel was ineffective for advising him to accept the plea and sentencing agreement.   The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness."   Hill v. Lockhart, 474 U.S. 52, 57-58 (1985) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). To show that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."   Strickland, 466 U.S. at 689.

Second, if a petitioner satisfies the first prong of this test, he or she must then demonstrate that counsel's performance resulted in prejudice, i.e., "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial."   Hill, 474 U.S. at 59.   The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to

20

convictions obtained through a trial."   Id.   The Supreme Court has emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncrasies of the particular decisionmaker.'"   Id. at 59-60 (quoting Strickland, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of defense counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance.   "The standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."   Harrington, 562 U.S. at 105 (internal and end citations omitted).   "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.   The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."   Id. Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded defense counsel in the area of plea bargaining. See Premo v. Moore, 562 U.S. 115, 125 (2011) (stating that "strict adherence to the Strickland standard [is] all the more essential when

reviewing the choices an attorney made at the plea bargain stage"); Bray v. Andrews, 640 F.3d 731, 738 (6th Cir. 2011) (citing Premo).

To the extent that the petitioner asserts that trial counsel was ineffective for failing to take certain actions during the pre-plea period, he is not entitled to relief.   As discussed, claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea are foreclosed by the plea.   Broce, 488 U.S. at 569; Tollett, 411 U.S. at 267.   The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.   When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

Tollett, 411 U.S. at 267.   Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before the plea.   In such a case, a reviewing court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary.   Broce, 488 U.S. at 569. Accordingly, the petitioner's claim that counsel was ineffective for failing to

take certain actions during the pre-trial period is foreclosed by his plea and does not warrant relief.

The petitioner also asserts that trial counsel was ineffective for advising him to plead no contest and accept the sentencing agreement.   In particular, he asserts that counsel was not prepared to present his alibi defense at trial and that counsel improperly scored Offense Variable 7, thereby misadvising him about his possible sentence.   Defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary.   Strickland, 466 U.S. at 690-691; Lundgren v. Mitchell, 440 F.3d 754, 771 (6th Cir. 2006); O'Hara v. Wiggington, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned determination that investigation is not warranted).

The petitioner fails to establish that counsel did not sufficiently investigate his case, misled him about his potential sentence, or erred in advising him to accept the plea and sentencing agreement.   While the petitioner asserts that counsel was ill-prepared for trial, he offers no support for this assertion -- and the record of the pretrial proceedings belies his

claim. See, e.g., ECF No. 19-10, PageID.367-368 (trial court's opinion stating that defense counsel filed a notice of alibi listing three alibi witnesses – two people from a Gest Omelettes restaurant and the petitioner's girlfriend). It goes "without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" Burt v. Titlow, 571 U.S. 12, 23 (2013) (quoting Strickland, 466 U.S. at 689); see also Womack v. Del Papa, 497 F.3d 998, 1004 (9th Cir. 2007) (rejecting ineffective assistance claim based on counsel's alleged failure to discuss possible defenses where petitioner confirmed his understanding of the plea agreement in court and evidence that counsel failed to discuss defenses consisted only of "self-serving statements"). Conclusory allegations are insufficient to warrant habeas relief. See Cross v. Stovall, 238 F. App'x 32, 39-40 (6th Cir. 2007); Workman v. Bell, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance do not justify habeas relief); see also Washington v. Renico, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for evidentiary hearing on habeas review).

Similarly, while the petitioner asserts that trial counsel misadvised

him about his possible sentence, the record indicates that the trial court

agreed to sentence the petitioner at the bottom end of the guidelines

"whatever they are" as part of the plea deal. Plea Hrg. Tr., ECF No. 19-4,

PageID.199. The prosecutor calculated the low end of the guidelines at

135 months. Trial counsel stated that he had "worked them out a little

less" and acknowledged he did not have the petitioner's full criminal history.

Id. Ultimately, the low end of the guidelines was 171 months, in part due

to Offense Variable 7 (aggravated physical abuse) being scored at 50

points. See Sent. Hrg. Tr., ECF No. 19-5, PageID.218; Plea Withdrawal

Mot. Tr., ECF No. 19-6, PageID.238. While the petitioner may have hoped

for a more lenient sentence, it was clear that the parties' scoring of the

guidelines was preliminary and the only guarantee was that he would be

sentenced at the bottom of the guidelines – and the court fulfilled that

promise. He fails to show that counsel misadvised him about his

sentence.

Moreover, even if the petitioner was misinformed by counsel, he is

not entitled to habeas relief. A trial court's proper plea colloquy cures any

misunderstandings that a defendant may have about the consequences of

a plea. Ramos, 170 F.3d at 565; Boyd v. Yukins, 99 F. App'x 699, 703

(6th Cir. 2004).   The trial court conducted a proper colloquy in this case and made it clear that the court was only promising a sentence at the bottom of the guidelines.   The petitioner fails to show that his plea was unknowing.

Lastly, defense counsel's strategy in pursuing the plea bargain and sentencing agreement, and foregoing other avenues, was reasonable given the serious charges against the petitioner and the significant evidence of guilt presented at the preliminary examination, which included a victim's identification for one robbery and the petitioner's DNA on a mask recovered from the scene of the other robbery.   See Pet. App. Brf., ECF No. 19-11, PageID.382-383.   Counsel was able to secure the dismissal of a felony firearm charge, concurrent sentencing for the distinct robberies, and a guaranteed sentence at the bottom of the applicable guideline range, thereby avoiding potential life sentences.   Having reviewed the record, the Court is satisfied that the petitioner's plea was knowing, intelligent, and voluntary and that counsel provided effective assistance during the proceedings.   Habeas relief is not warranted on this claim.

### B. Sentencing and Restitution – Claims III-V

The petitioner also asserts that he is entitled to habeas relief because

Offense Variables 4, 7, and 8 of the Michigan Sentencing Guidelines were mis-scored, his pre-sentence report contained inaccurate information, and the trial court failed to consider his ability to pay restitution.   The respondent contends that these claims are unexhausted and now procedurally defaulted, that they are not cognizable, and that they lack merit.   In his reply, the petitioner seems to agree that these claims are unexhausted and/or concern state law issues, but he vacillates about such matters and which claims should be dismissed.   See ECF No. 21, PageID.794; ECF No. 37, PageID.1112, 1119.   Accordingly, in the interests of thoroughness and clarity, the court shall address the claims.

A prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust state remedies.   O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).   To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); see also Williams

v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans). The claims must also be presented to the state courts as federal constitutional issues. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). Furthermore, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. Granberry v. Greer, 481 U.S. 129, 131, 134-135 (1987). The burden is on the petitioner to prove exhaustion. Rust, 17 F.3d at 160.

The petitioner did not properly exhaust these claims in the state courts. He first raised them in his application for leave to appeal on direct appeal to the Michigan Supreme Court. First presenting claims before the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement. Castille v. Peoples, 489 U.S. 346, 349 (1989); Hickey v. Hoffner, 701 F. App'x 422, 425 (6th Cir. 2017). He also did not subsequently present them to the state courts on collateral review. Consequently, these claims are unexhausted.

28

The petitioner no longer has an available means by which to exhaust these claims since he has already filed two state court motions for relief from judgment.   Any attempt to file a successive motion for relief from judgment would be futile.   Under Michigan Court Rule 6.502(G)(1), a state criminal defendant is generally permitted to only file one post-conviction motion for relief from judgment.   Gadomski v. Renico, 258 F. App'x 781, 783 (6th Cir. 2007); Hudson v. Martin, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999).   These unexhausted claims do not fall within the exceptions, e.g., a retroactive change in the law or newly-discovered evidence, for filing a second or successive motion for relief from judgment.   See Mich. Ct. R. 6.502(G)(2).

Because the petitioner has not properly exhausted these claims in the state courts and no longer has an available remedy by which to do so, the claims are now defaulted.   When a habeas petitioner fails to properly present a claim to the state courts and is barred from pursuing further relief under state law, he or she has procedurally defaulted that claim for purposes of federal habeas review.   See Gray v. Netherland, 518 U.S. 152, 161-162 (1996); Pudelski v. Wilson, 576 F.3d 595, 605 (6th Cir. 2009) (citing Martin v. Mitchell, 280 F.3d 594, 603 (6th Cir. 2002)).

Federal habeas relief is precluded on claims which have not been presented to the state courts in accordance with the state's procedural rules. Wainwright v. Sykes, 433 U.S. 72, 85-87 (1977). A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750-751 (1991); Nields v. Bradshaw, 482 F.3d 442 (6th Cir. 2007); Gravley v. Mills, 87 F.3d 779, 784-785 (6th Cir. 1996).

To establish cause, a petitioner must establish that some external impediment frustrated his or her ability to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner must present a substantial reason to excuse the default. Amadeo v. Zant, 486 U.S. 214, 223 (1988). Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably available. McCleskey v. Zant, 499 U.S. 467, 493-494 (1991).

The petitioner neither alleges nor establishes to cause to excuse this procedural default. Any failings by appellate counsel on direct appeal do

30

not excuse the petitioner's failure to properly exhaust these claims on

collateral review in the state courts.   A prisoner's pro se status or lack of

knowledge about state court rules does not constitute cause to excuse a

procedural default.   Hannah v. Conley, 49 F.3d 1193, 1197 (6th Cir. 1995);

Robertson v. Abramajtys, 144 F. Supp. 2d 829, 838 (E.D. Mich. 2001).

Because the petitioner fails to establish cause to excuse this default, the

court need not address the issue of prejudice.   See Smith v. Murray, 477

U.S. 527, 533 (1986); Long v. McKeen, 722 F.2d 286, 289 (6th Cir. 1983).

Nonetheless, the court concludes that the petitioner cannot establish

prejudice as these claims lack merit.   A sentence imposed within the

statutory limits is generally not subject to federal habeas review.

Townsend v. Burke, 334 U.S. 736, 741 (1948); Cook v. Stegall, 56 F. Supp.

2d 788, 797 (E.D. Mich. 1999); see also Hutto v. Davis, 454 U.S. 370, 373-

374 (1982) (federal courts normally do not review a sentence for a term of

years that falls within the limits prescribed by the state legislature).   Claims

which arise out of a state trial court's sentencing decision are not normally

cognizable upon habeas review unless the petitioner can show that the

sentence imposed exceeded the statutory limits or is wholly unauthorized

by law.   Lucey v. Lavigne, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

The petitioner's sentences are within the statutory maximums.   See Mich. Comp. Laws §§ 750.529 (authorizing a maximum sentence of life imprisonment for armed robbery); 769.10 (authorizing an enhanced sentence for a second habitual offender).   Consequently, his sentences are insulated from habeas review absent a federal constitutional violation.

The petitioner is not entitled to habeas relief on his claim challenging the scoring of the offense variables of the sentencing guidelines.   Such a claim is not cognizable on federal habeas review because it is a state law claim.   See Tironi v. Birkett, 252 F. App'x 724, 725 (6th Cir. 2007); Howard v. White, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); see also Kissner v. Palmer, 826 F.3d 898, 904 (6th Cir. 2016); McPhail v. Renico, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006).   Alleged errors in scoring the offense variables and determining the sentencing guideline range do not warrant federal habeas relief.   State courts are the final arbiters of state law and federal courts will not intervene in such matters.   Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Oviedo v. Jago, 809 F.2d 326, 328 (6th Cir. 1987); see also Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law,

32

including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

A sentence may violate federal due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. Townsend, 334 U.S. at 741; see also United States v. Tucker, 404 U.S. 443, 447 (1972) (citing Townsend); United States v. Sammons, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. United States v. Polselli, 747 F.2d 356, 358 (6th Cir. 1984); Draughn v Jabe, 803 F. Supp. 70, 81 (E.D. Mich. 1992). The petitioner makes no such showing. He had a sentencing hearing before the state trial court with an opportunity to contest the scoring of the guidelines and the sentencing decision. The petitioner fails to establish that the state court

33

relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. He was afforded all the process he was due.

The petitioner is also not entitled to relief on his restitution claim. The traditional purpose of the writ of habeas corpus is to obtain release from unlawful confinement. Wilkinson v. Dotson, 544 U.S. 74, 79 (2005). "In general, fines or restitution orders fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim." Washington v. McQuiggin, 529 F. App'x 766, 773 (6th Cir. 2013); Michaels v. Hackel, 491 F. App'x 670, 671 (6th Cir. 2012). The Sixth Circuit has explained that a restitution order "falls outside ... the margins of habeas ... because it is not a serious restraint on ... liberty as to warrant habeas relief." Washington, 529 F. App'x at 773. When a petition raises a challenge to a restitution order, a district court must dismiss that portion of the petition for lack of subject matter jurisdiction. Id. The petitioner's claim challenging the state court's imposition of restitution is thus not cognizable upon habeas review.

Furthermore, to the extent that the petitioner challenges the state court's procedures or calculations for imposing the financial obligations, he

34

merely raises state law issues.   See Lee v. Burt, No. 09-12127, 2011 WL

2580642, *3 (E.D. Mich. June 29, 2011) (adopting report and

recommendation and denying habeas relief on similar claim).   As

discussed, state courts are the final arbiters of state law, and the federal

courts will not intervene in such matters.   See Lewis, 497 U.S. at 780;

Oviedo, 809 F.2d at 328; see also Bradshaw, 546 U.S. at 76; Sanford, 288

F.3d at 860.   Habeas relief does not lie for perceived errors of state law.

Estelle, 502 U.S. at 67-68.   The petitioner thus fails to establish cause and

prejudice to excuse this procedural default.

Lastly, the petitioner fails to demonstrate that a fundamental

miscarriage of justice has occurred.   The miscarriage of justice exception

requires a showing that a constitutional violation probably resulted in the

conviction of someone who is actually innocent.   Murray v. Carrier, 477

U.S. 478, 479-480 (1986).   To be credible, such a claim of actual

innocence requires a petitioner to support the allegations of constitutional

error with new reliable evidence that was not presented at trial.   Schlup v.

Delo, 513 U.S. 298, 324 (1995).   Actual innocence means factual

innocence, not mere legal insufficiency.   Bousley v. United States, 523

U.S. 614, 623 (1998).

The petitioner makes no such showing.   In support of his claim of actual innocence, the petitioner relies, in part, on a statement from girlfriend Michell Shavers stating that she and the petitioner had breakfast at Gest Omelettes on February 1, 2013, ECF No. 10, PageID.75, Shavers' credit card receipt from Gest Omelettes showing a transaction at 9:13 a.m. on that date, id. at PageID.81 (which the prosecutor intended to refute with evidence showing that the time stamp was wrong), a statement from waitress Lynn Hannah that a black couple was at Gest between 8:00 and 9:00 a.m. on an unknown Friday morning, ECF No. 19-9, PageID.320, and a statement from waitress Karrie Pehrson that she recalled seeing a black couple at Gest but did not know what day or time.   Id. at PageID.321.

Such evidence, however, is not newly-discovered because it was known and available to the petitioner at the time of his plea.   Moreover, such evidence does not establish the petitioner's innocence of the Verizon armed robbery given that the Gest receipt appears to have an erroneous time stamp, see ECF No. 19-9, PageID.327, the statements do not necessarily place the petitioner at Gest at the time of the robbery, and the Verizon robbery victim positively identified him as the perpetrator in a photographic array and at a preliminary hearing.

36

The petitioner also relies upon a statement from his mother indicating that she spoke to him on the phone at 8:45 a.m. and 9:00 a.m. on February 1, 2013, ECF No. 10, PageID.76, a statement from his nephew indicating that he saw the petitioner between 8:20 a.m. and 8:30 a.m. on February 1, 2013, id. at PageID.77, a statement from his sister indicating that she spoke to the petitioner several times on February 1, 2013.   Id. at PageID.78.   Such evidence is not newly-discovered given that it consists of statements from the petitioner's own family members and was reasonably available to him at the time of his plea.   Such statements are also not particularly reliable given that they are from family members and were executed well after the petitioner's plea and direct appeal.   See, e.g., Milton v. Secretary, Dep't of Corr., 347 F. App'x 528, 531-532 (11th Cir. 2009) (affidavits from family members or fellow inmates created after trial are not sufficiently reliable evidence to support an actual innocence claim). The statements also do not exclude the petitioner from being at the Southfield Verizon store on the day and time of the armed robbery.

The petitioner further presents an affidavit from a private investigator indicating that he interviewed the Gest restaurant owner in 2017, that the owner did not see the petitioner on February 1, 2013 because he working

in the kitchen, that the restaurant's cameras were not recording that day, that one of the two waitresses from that day still worked at the restaurant, that the time stamps on credit card receipts that day were off "by over an hour," that the investigator was unable to reach Michell Shavers, and that he had no luck obtaining additional information from the credit card company.   10/24/19 Nicholas McGuire Aff., ECF No. 34-7, PageID.1068-1069.   Such evidence was consistent with the initial investigation by the police and the parties and does not establish the petitioner's actual innocence of the Verizon armed robbery, particularly when considered in light of the Verizon victim's positive identification of the petitioner as the perpetrator of the crime.

Lastly, the petitioner's offers his own affidavit, see 10/13/16 Pet. Aff., ECF No. 10, PageID.71-74, in support of his actual innocence claim.   Such evidence is clearly not newly-discovered.   Moreover, the petitioner's own self-serving assertions of innocence are insufficient to support his actual innocence claim.   "A reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause."   McCray v. Vasbinder, 499 F.3d 568, 573 (6th Cir.2007) (citing cases).   Furthermore, while a defendant who enters a plea may still assert a Schlup actual innocence

38

claim, see Bousley, 523 U.S. at 623; Connolly v. Howes, 304 F. App'x 412,

417 (6th Cir. 2008), the petitioner's no contest plea belies his claim that he

is actually innocent.   See, e.g., Loving v. Mahaffey, 27 F. App'x 925, 926

(10th Cir. 2001) (noting that claim of actual innocence is difficult to

establish, particularly when defendant pleads guilty); Dailey v. Warren, No.

2:11-CV-13136, 2012 WL 884832, *3 (E.D. Mich. March 15, 2012) (citing

cases and ruling that no contest plea belies actual innocence claim); Rios

v. Napel, No. 2:11-CV-11019, 2012 WL 175409, *5 (E.D. Mich. Jan. 23,

2012) (same); Catala v. Bennett, 273 F.Supp.2d 468, 474 (S.D.N.Y. 2003).

This is particularly true given the significant evidence of the petitioner's guilt

of the armed robberies presented during the pre-trial proceedings.   The

petitioner fails to establish his actual innocence.   These claims are thus

barred by procedural default, lack merit, and do not warrant habeas relief.

### C. First Motion for Relief from Judgment - Claims VI-XI

The petitioner also asserts that he is entitled to habeas relief based

upon the claims raised in his first motion for relief from judgment, which

involve claims concerning the effectiveness of trial and appellate counsel

and his actual innocence.   The respondent contends that the claims the

petitioner raised in his first motion for relief from judgment (other than the

ineffective assistance of appellate counsel claim) are barred by procedural default because he first raised those claims on collateral review and the state courts denied relief pursuant to Michigan Court Rule 6.508(D)(3).

As discussed, federal habeas relief may be precluded on a claim that a petitioner has not presented to the state courts in accordance with the state's procedural rules. Wainwright, 433 U.S. at 85-87. The doctrine of procedural default applies when a petitioner fails to comply with a state procedural rule, the rule is actually relied on by the state courts to deny relief, and the procedural rule is "adequate and independent." White v. Mitchell, 431 F.3d 517, 524 (6th Cir. 2006); Howard v. Bouchard, 405 F.3d 459, 477 (6th Cir. 2005). "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263-264 (1989). The last explained state court ruling is used to make this determination. Ylst v. Nunnemaker, 501 U.S. 797, 803-805 (1991).

The petitioner first presented these ineffective assistance of trial counsel and actual innocence claims to the state courts in his motion for relief from judgment. The Michigan Supreme Court denied relief pursuant

to Michigan Court Rule 6.508(D), which provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.   Mich. Ct. R. 6.508(D)(3).   The United States Court of Appeals for the Sixth Circuit has held that the form orders used by the Michigan appellate courts to deny leave to appeal in this case is unexplained because the citation to Michigan Court Rule 6.508(D) is ambiguous as to whether it refers to a procedural default or a rejection on the merits.   Guilmette v. Howes, 624 F.3d 286, 291-292 (6th Cir. 2010) (en banc).   Consequently, under Guilmette, the court must "look through" any unexplained orders of the Michigan appellate courts to the state trial court's decision to determine the basis for the denial of state post-conviction relief.

In this case, the Michigan Court of Appeals denied leave to appeal for failure to show that the trial court erred in denying relief from judgment and the trial court ruled that the petitioner failed to show good cause and actual prejudice under Michigan Court Rule 6.508(D)(3) for his failure to raise the claims on direct appeal of his convictions.   The state courts thus clearly

relied upon a procedural default to deny relief on these claims.

Accordingly, these claims are procedurally defaulted.

As discussed, a state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.   Coleman, 501 U.S. at 753; Gravley, 87 F.3d at 784-785.   To establish cause, a petitioner must establish that some external impediment frustrated his or her ability to comply with the state's procedural rule. Murray, 477 U.S. at 488.   A petitioner must present a substantial reason to excuse the default, Amadeo, 486 U.S. at 223, such as interference by officials, ineffective assistance of counsel, or a showing that the factual or legal basis for the claim was not reasonably available.   McCleskey, 499 U.S. at 493-494.

The petitioner asserts ineffective assistance of appellate counsel as cause to excuse this procedural default.   The right to the effective assistance of counsel includes the right to the effective assistance of appellate counsel on direct appeal.   Evitts v. Lucey, 469 U.S. 387, 396 (1985).   To establish ineffective assistance of counsel, a habeas petitioner

42

must show "that counsel's performance was deficient ... [and] that the

deficient performance prejudiced the defense."   Strickland v. Washington,

466 U.S. 668, 687 (1984); O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir.

1994).   In determining whether counsel's performance was deficient,

> [t]he court must ... determine whether, in light of all the
> circumstances, the identified acts or omissions were outside the
> wide range of professionally competent assistance .... At the
> same time, the court should recognize that counsel is strongly
> presumed to have rendered adequate assistance and made all
> significant decisions in the exercise of reasonable professional
> judgment.

Strickland, 466 U.S. at 690.   Judicial scrutiny of counsel's performance is

thus "highly deferential."   Id. at 689.   The defense is prejudiced only if

"there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."   Id. at 694.

It is well-established that a criminal defendant does not have a

constitutional right to have appellate counsel raise every non-frivolous

issue on appeal.   Jones v. Barnes, 463 U.S. 745, 751 (1983).   The

Supreme Court has explained:

> For judges to second-guess reasonable professional judgments
> and impose on appointed counsel a duty to raise every
> "colorable" claim suggested by a client would disserve the …
> goal of vigorous and effective advocacy …. Nothing in the
> Constitution or our interpretation of that document requires

43

such a standard.

Id. at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. Meade v. Lavigne, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

The petitioner fails to show that by omitting the claims presented in his motion for relief from judgment, appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel raised substantial claims on direct appeal, including claims challenging the plea withdrawal procedure, trial counsel's advice, and the

voluntariness of the petitioner's plea.   None of the defaulted claims are "dead-bang winners" given that the state trial court ruled that they lack merit (in finding no cause and/or prejudice to excuse the default) – and given the significant evidence of guilt presented at the preliminary proceedings.

Moreover, even if appellate counsel erred, the petitioner cannot show that he was prejudiced by appellate counsel's conduct (or demonstrate prejudice to excuse the procedural default) because the defaulted claims lack merit for the reasons stated by the trial court in denying relief from judgment.   See Buchanan, Nos. 13-244954-FC, 13-246002-FC at *3-7, ECF No. 19-10, PageID.367-371.   The petitioner fails to show that appellate counsel erred and/or that he was prejudiced by counsel's conduct.   He thus fails to establish cause and prejudice to excuse this procedural default.

The petitioner also fails to demonstrate that a fundamental miscarriage of justice has occurred.   As previously explained, the petitioner fails to demonstrate that he is actually innocent of the armed robberies.   See discussion supra.   These claims are thus barred by procedural default, lack merit, and do not warrant habeas relief.

45

The petitioner also raises an independent claim that he is entitled to habeas relief because appellate counsel was ineffective for failing to raise the collateral review issues on direct appeal and for failing to investigate his case and file certain motions.   The respondent contends that this claim lacks merit.

The state trial court denied relief on this claim concluding that the underlying collateral review claims lacked merit such that appellate counsel was not deficient for failing to raise meritless arguments and that the petitioner was not entitled to relief on his motions (which he believes appellate counsel should have raised).   See Buchanan, Nos. 13-244954-FC, 13-246002-FC at *3-7, ECF No. 19-10, PageID.369, 371.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[3] The ineffective assistance of appellate counsel claims, while not themselves procedurally defaulted, nonetheless lack merit.   As discussed, the petitioner fails to establish that appellate counsel erred by failing to raise the defaulted claims on direct appeal and the defaulted claims lack

---

[3] The court would reach the same result under a de novo standard of review.

merit. Appellate counsel cannot be deemed ineffective for failing to raise issues that lack merit. See Shaneberger v. Jones, 615 F.3d 448, 452 (6th Cir. 2010) (citing Greer v. Mitchell, 264 F.3d 663, 676 (6th Cir. 2001)). Additionally, the petitioner fails to demonstrate that appellate counsel failed to sufficiently investigate his case and/or show that additional investigation or the filing of any motions would have affected the outcome of his direct appeal. Habeas relief is not warranted on this claim.

### D. Second Motion for Relief from Judgment – Claims XII, XIII

Lastly, the petitioner asserts that he is entitled to relief based upon the claims raised in his second motion for relief from judgment, which concern allegations of newly-discovered evidence and related allegations of ineffective assistance of trial and appellate counsel. The respondent contends that these claims are barred by procedural default because the petitioner first raised them in his second motion for relief from judgment and the state courts denied relief pursuant to Michigan Court Rule 6.502(G).

As noted, federal habeas relief may be precluded on a claim that a petitioner has not presented to the state courts in accordance with the state's procedural rules. Wainwright, 433 U.S. at 85-87. The doctrine of procedural default applies when a petitioner fails to comply with a state

47

procedural rule, the rule is actually relied on by the state courts to deny

relief, and the procedural rule is "adequate and independent."   White, 431

F.3d at 524; Howard, 405 F.3d at 477.

In this case, the Michigan Supreme Court cited Michigan Court Rule

6.502(D) in denying leave to appeal.   Buchanan, 507 Mich. at 932.   Under

Guilmette, the court must "look through" this unexplained order to the lower

court decisions to determine the basis for the denial of state post-conviction

relief.   See discussion supra.   The Michigan Court of Appeals denied

leave to appeal pursuant to Michigan Court Rule 6.502(G), which precludes

an appeal of the denial of a successive motion for relief from judgment.

Mich. Ct. R. 6.502(G)(1).   See Buchanan, No. 354942 at *1, ECF No. 34-7,

and the state trial court rejected/denied the second motion for relief from

judgment pursuant to Michigan Court of Appeal 6.502(G), which precludes

the filing of a successive motion for relief from judgment unless it is based

upon "a retroactive change in the law that occurred after the first motion for

relief from judgment or a claim of new evidence that was not discovered

before the first such motion" or if "there is a significant possibility that the

defendant is innocent of the crime."   Mich. Ct. R. 6.502(G)(1), (2).   See

Buchanan, Nos. 2013-244954-FC, 2013-246002-FC, ECF No. 34-4.   The

Sixth Circuit has held that Michigan Court Rule 6.502(G) "acts as an adequate and independent state ground for denying review sufficient to procedurally default a claim." Ingram v. Prelesnik, 730 F. App'x 304, 311 (6th Cir. 2018). Consequently, it is clear that the petitioner procedurally defaulted these claims.

As discussed, a state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. Coleman, 501 U.S. at 750-751; Gravley, 87 F.3d at 784-785.

The petitioner alleges ineffective assistance of appellate counsel as cause to excuse this procedural default. As discussed supra, however, the petitioner fails to establish that appellate counsel was ineffective. A federal habeas court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. Smith, 477 at 533; Long, 722 F.2d at 289. Nonetheless, even if the petitioner could establish cause, he cannot establish prejudice (or that he is otherwise entitled to habeas relief) because these claims lack merit for the reasons stated by the trial court in rejecting his second motion for relief

from judgment, see Buchanan, Nos. 2013-244954-FC, 2013-246002-FC,

ECF No. 34-4, PageID.946, and for the reasons set forth by the

respondent.   See Resp. Ans., ECF No. 33, PageID.902-914.

Lastly, as previously explained, the petitioner fails to demonstrate that

a fundamental miscarriage of justice has occurred by showing that he is

actually innocent of the armed robberies.   See discussion supra.   These

claims are thus barred by procedural default, lack merit, and do not warrant

habeas relief.

## V.   Conclusion

For the reasons stated, the court concludes that the petitioner is not

entitled to relief on his claims.   Accordingly, the court **DENIES** and

**DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before the petitioner can appeal this decision, a certificate of

appealability ("COA") must issue.   See 28 U.S.C. § 2253(c)(1)(a); Fed. R.

App. P. 22(b).   A COA may issue only if a petitioner makes "a substantial

showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).

When a court denies relief on the merits, the substantial showing threshold

is met if the petitioner demonstrates that reasonable jurists would find the

court's assessment of the constitutional claim debatable or wrong.   Slack

v. McDaniel, 529 U.S. 473, 484-485 (2000).   When a court denies relief on procedural grounds, a COA should issue if it is shown that reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that reasonable jurists would find it debatable whether the court was correct in its procedural ruling.   Id.   The petitioner makes no such showing.   He fails to make a substantial showing of the denial of constitutional right as to his claims and reasonable jurists would not debate the correctness of the court's substantive or procedural rulings.   Accordingly, the court **DENIES** a COA.

Lastly, the court concludes that an appeal from this decision cannot be taken in good faith.   See Fed. R. App. P. 24(a).   Accordingly, the court **DENIES** the petitioner leave to proceed in forma pauperis on appeal.   This case is closed.

**IT IS SO ORDERED**.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:   September 7, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 7, 2023, by electronic and/or ordinary mail and also on
John Buchanan #812524, Newberry Correctional Facility,
13747 E. County Road 428, Newberry, MI 49868.


s/Michael Lang
Deputy Clerk